**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BRANDON L. BROOKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 07-846-DRH |
| ) | |
| CARBONDALE POLICE ) | |
| DEPARTMENT,, ) | |
| ) | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, and pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 and 2671-2680. Plaintiff seeks damages for his allegedly unlawful arrest and for excessive use of force in effecting his arrest. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

28 U.S.C. § 1915A.[1]  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  Upon careful review of the complaint and the supporting exhibits, the Court finds that some of Plaintiff's claims in the original complaint are subject to pre-service dismissal.

**THE COMPLAINT**

Plaintiff's complaint concerns three separate encounters he had with officers employed by the Carbondale Police Department.  First, in December 2006, Plaintiff was arrested and charged with "domestic abuse" for allegedly attacking a woman who told police that Plaintiff had thrown her through a window and drug her from the porch of Plaintiff's house.  Plaintiff states that the police did not listen to his side of the story (namely, that he was elsewhere) before arresting him.  Plaintiff further argues that he could not have committed "domestic abuse" because he was not in a relationship with the woman.  Plaintiff contends that he was detained for three months before the charges were dismissed.  It appears that Plaintiff claims that he was falsely arrested and he seeks damages for the three months he was detained.

Second, on May 13, 2007, Plaintiff was arrested and charged with aggravated assault and possession of a firearm by officers employed by the Carbondale Police Department.  According to the complaint, Plaintiff was arrested outside of a Carbondale night club because allegedly he fit the

---

[1] It appears that Plaintiff was confined in the Jackson County Jail when he submitted the instant complaint, therefore, the provisions of 28 U.S.C. § 1915A applY to this case.  The Court notes, however, that even if Plaintiff was not a "prisoner," the complaint would still be reviewed under the identical provisions of 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

2

description given to the officers of a man who had brandished a weapon in the club. It is unclear whether (or how) these charges have been resolved, but based on the next allegation in the complaint it appears that Plaintiff was released from custody. It appears that Plaintiff claims that he was falsely arrested and seeks damages for the time during which he was detained.

Third, Plaintiff alleges that on May 14, 2007 (the day following his arrest for aggravated assault and possession of a firearm), he received a telephone call from his cousin informing him that the cousin would be unable to deliver a birthday cake for Plaintiff's daughter because the cousin had been arrested for stealing by Carbondale Police officers. The cousin informed Plaintiff that he could pick up the birthday cake if Plaintiff came to the place where the arrest was occurring - a Taco Bell parking lot - and take the cousin's bank card to the store to pay for the cake. At the parking lot, Plaintiff asserts that he asked for and was denied permission by a police officer to retrieve the bank card from the cousin's vehicle. The police officer also asked Plaintiff whether Plaintiff should be in jail (presumably on the assault and weapons charge from the previous day). A verbal confrontation ensued between Plaintiff and a police officer identified as "Officer Boyd" resulting in Plaintiff being arrested for resisting arrest. During this incident, Plaintiff claims that Officer Boyd "slammed" him to the ground and placed him in handcuffs while another unnamed police officer (identified only as "this lady cop") sprayed him with pepper spray. Again, it is unclear whether (and how) these charges were disposed. Based on these allegations, it appears that Plaintiff is claiming (1) false arrest and (2) use of excessive force in effecting his arrest.

## DISCUSSION

All of Plaintiff's claims against the Carbondale Police Department - from each of the three separate incidents - should be dismissed. Under § 1983, plaintiff may only proceed against

3

defendants who personally participated in a violation of his constitutional rights. "A defendant cannot be held liable in a § 1983 action unless he caused or participated in the alleged constitutional deprivation." *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1979); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff sues the Carbondale Police Department, but the Court doubts that entity is a person subject to suit under § 1983, although the City of Carbondale, which is not sued, certainly is. Even so, neither the City of Carbondale (had it been sued) nor its Police Department is automatically liable under § 1983 for the wrongdoing of its employees. The doctrine of *respondeat superior* has no applicability in § 1983 cases, and it is well settled that a municipality may not be held vicariously liable under § 1983 for the actions of its employee, unless the employee acted pursuant to a municipal policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff makes no allegation that anyone acted pursuant to an official policy or custom. Therefore, Plaintiff's claims against the Carbondale Police Department are inadequate to state a § 1983 action against it.

Plaintiff's complaint, however, does appear to adequately allege both a false arrest and excessive use of force claim against "Officer Boyd" and an unidentified female police officer - both of whom apparently employed by the Carbondale Police Department - stemming from the May 14, 2007, incident. Consequently, "Officer Boyd" and "Jane Doe - unidentified female police officer for the Carbondale Police Department" will be added as defendants to this action. Although the use of fictitious names is generally frowned upon, it is within the Court's discretion to allow Plaintiff to proceed against an "unknown" defendant. *See K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997). Where a Plaintiff alleges arguably serious constitutional deprivations, he or she should be allowed "a reasonable opportunity to identify unnamed defendants and amend his complaint." *See*

4

*Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999). Consequently, the Court will permit Plaintiff to proceed on his false arrest and excessive use of force claims against these two defendants.

Plaintiff's FTCA claims, however, should be dismissed. The FTCA provides a remedy against the United States for certain tort actions taken by *federal* officials, not for torts committed by state or local officials. *See* 28 U.S.C. §§ 1346 and 2679. Because none of the defendants is a federal official, Plaintiff's complaint fails to state a FTCA claim.

## DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's claims against the Carbondale Police Department are **DISMISSED**.

**IT IS FURTHER ORDERED** that **OFFICER BOYD and JANE DOE (UNKNOWN FEMALE POLICE OFFICER for the CARBONDALE POLICE DEPARTMENT)** be added as defendants in this action.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendant *BOYD* within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **one** USM-285 form with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **BOYD**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of

Civil Procedure, to serve process on Defendant **BOYD** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. **Service shall not be made on Jane Doe (Unknown Female Police Officer for the Carbondale Police Department) until such time as Plaintiff has identified her by name on a USM-285 form and in a properly filed amended complaint.** Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for this individual.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:** June 2, 2008.

    /s/    DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**